Roland J. Tong CSB #216836
Law Offices of Roland Tong, PC
7700 Irvine Center Drive Suite 800
Irvine, CA 92618
Phone: (949) 298-4081
roland@rtlawoffices.com

Attorney for Plaintiff
Mark E. Minarik d/b/a MINARIK GUITARS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Mark E. Minarik d/b/a MINARIK
GUITARS, a California individual

            Plaintiff,

vs.

S7G-USA, LLC d/b/a STRICTLY 7
GUITARS, an Ohio Limited Liability
Company, and JAMES LEWIS, an
Ohio individual
          Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Case No.: 2:17- cv-07368-RJC*

**STIPULATED PROTECTIVE ORDER**

WHEREAS, during the course of the above-captioned action ("Action"), Plaintiff  Mark E. Minarik, d/b/a MINARIK GUITARS ("Plaintiff") and Defendant S7G-USA, LLC d/b/a STRICTLY 7 GUITARS and Defendant James Lewis (collectively "Defendants"), intend to produce, or seek the production of, documents and data that may contain, without limitation, sensitive, non-public, personal, proprietary, confidential, business or professional information, including but not limited to trade secrets, customer and pricing lists and other valuable research, development, designs, commercial, financial, or technical information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.

WHEREAS those documents and data normally would not be revealed to third parties, and disclosure of documents and data containing this sort of confidential, proprietary or sensitive information could be highly prejudicial to a party disclosing these documents and data and/or to other third parties; and WHEREAS this matter having come before the Court by stipulation of the Parties, for the entry of a protective order limiting the review, copying, disclosure, dissemination, and filing of Confidential and Highly Confidential Materials (as defined herein) to be produced by either Plaintiff or Defendants and their respective counsel or by any Non-Party in connection with this Action to the extent set forth below; and the Parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown for a protective order which will expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality, protect information the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such Material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice.

Accordingly, IT IS hereby ORDERED that:

1. **Definitions.** As used herein**,** these terms shall have the following meanings:

   a) Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulation.

   b) Counsel: Outside Counsel of Record and House Counsel (as well as their respective support staffs and contract attorneys working with them), as those terms are defined herein.

   c) Designating Party: a Party or Non-Party that designates information or items that it produces in the course of this Action as "Confidential" or "Highly Confidential", as those terms are defined herein.

   d) Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this Action.

   e) House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

   f) Material: all items or information, including documents and data, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter or otherwise produced or exchanged or disclosed in connection with this Action.

   g) Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

   h) Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, as well as any

clerical, paralegal and other staff, and any contract attorneys, all of whom are working under the direct supervision of such attorneys.

i) Party: any named party to this Action, including all of its officers, directors, employees, agents, consultants, retained experts, parents, successors, affiliates and assigns, and Outside Counsel of Record, as that term is defined herein.

j) Producing Party: a Party or Non-Party that produces Material in this Action.

k) Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

l) Protected Material: any Material that is designated as "Confidential" or "Highly Confidential" in accordance with the terms of this Order.

m) Receiving Party: a Party that receives Material from a Producing Party.

n) Stipulation: the instant Stipulated Protective Order so ordered by the Court.

2. **Applicability of Order.** This Stipulation governs all Material produced or generated or otherwise disclosed in connection with this Action by any of the following: (i) the Parties; (ii) House Counsel;  (iii) Outside Counsel of Record; (iv) any other person, including but not limited to any Expert retained by the Parties or Counsel, who agrees to be bound by the terms of this Stipulation; (v) any person or entity who has been asked, or is otherwise required, whether by operation of a subpoena or otherwise, to produce documents and/or information in connection with this Action; and (vi) all persons to whom Protected Material is shown.

3. **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection

under this Stipulation must take care to limit any such designation to specific Material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

4. **Designation of Material as "Confidential"**.  Either Party may designate as "Confidential" any Material produced, generated, disclosed or exchanged in the course of this Action under any or all of the following circumstances: (i) when the Party believes, in good faith, that the Material contains sensitive, personal, or proprietary information, including but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal or commercial information; and/or (ii) when the Material otherwise normally would not be revealed to third parties; and/or (iii) when the Party in possession of the Material received or otherwise possesses the Material subject to confidentiality obligations, including without limitation, a confidentiality agreement; and/or (iv) when the Party in possession of the Material otherwise believes in good faith that the Material is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

5. **Designation of Material as "Highly Confidential"**.  Either Party may designate as "Highly Confidential" any Material produced, generated or exchanged in the course of this Action when such Party believes that such Material contains trade secrets or other highly confidential, proprietary, business, financial, regulatory or strategic information, including but not limited to non-public product design and testing information, or other strategic information or trade secrets, such as business plans, technical data, and non-public designs, the disclosure of which would cause a substantial risk of competitive harm or other business injury to the Designating Party.

6. **Use of Protected Material**.  Protected Material may be used only for the purpose of preparing for this Action and in connection with this Action, including any appeals, and not for any other purpose whatsoever.

Confidential Material and Highly Confidential Material must not be given, shown, made available, or communicated in any way to anyone except as permitted or otherwise provided in this Order. For the avoidance of doubt, Confidential Material and Highly Confidential Material may not be used in connection with any other litigation, including, but not limited to, any litigation brought by one Party against the other Party, unless expressly authorized in writing by the Designating Party or such Party's Outside Counsel of Record. Notwithstanding the foregoing, nothing contained in this Stipulation shall prevent the use of Confidential Material or Highly Confidential Material at any trial, conference, hearing or deposition in this Action, subject always to the provisions of this Stipulation, nor shall it prevent a Designating Party from disclosing that Material as that Party deems appropriate.

7. **Persons Authorized To Receive Confidential Material**. Confidential Material may not be disclosed, shown, summarized, described, characterized or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than to the following persons or entities and only for the purposes stated above:

(a)     Outside Counsel of Record;

(b)     The Court (and any appellate court) including court personnel, jurors and alternate jurors, and court reporters or stenographers to the extent necessary to record the court proceedings and depositions in this Action;

(c)     The Parties, including House Counsel, officers, directors, agents and employees of the Parties, who are working directly on the litigation with or under the direction of Outside Counsel of Record, and to whom it is necessary that the Confidential Material be shown for purposes of this Action only;

(d)     Professional Vendors retained by Counsel in this Action, to the extent reasonably necessary to prepare for discovery and trial in this Action;

(e)     Experts, employed or engaged by the Parties or Counsel in this Action, but solely for the purpose of assisting in the preparation of this litigation for discovery and/or trial;

(f)     Witnesses and/or Experts testifying at any deposition, hearing or the trial of this Action, provided however, that: (i) the Confidential Material may be disclosed to such persons only in preparation for, review of, or in the course of his or her testimony; (ii) subject to the foregoing, the only Confidential Material that may be disclosed to such persons is Confidential Material that is relevant to such person's testimony; and (iii) such persons may not retain the Confidential Material, whether before or after such person's testimony has concluded; and

(g)     Any other person as agreed to by the Parties or upon order of the Court.

8.  **Persons Authorized To Receive Highly Confidential Material**.  Highly Confidential Material may not be disclosed, shown, summarized, described, characterized or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than to the following persons or entities and only for the purposes stated above:

(a)     Outside Counsel of Record;

(b)     The Court (and any appellate court) including court personnel, jurors and alternate jurors, and court reporters or stenographers to the extent necessary to record the court proceedings and depositions in this Action;

(c)     Professional Vendors retained by Counsel in this Action, to the extent reasonably necessary to prepare for discovery and trial in this Action;

(d)     Experts, employed or engaged by the Parties or Counsel in this Action, but solely for the purpose of assisting in the preparation of this litigation for discovery and/or trial in this Action;

(e)     For purposes of preparing for testimony, witnesses at trial or deponents in this Action who, on the face of the Highly Confidential Material, appear to have authored or received the Material; provided, however, that a person who may be shown Highly Confidential Material solely by virtue of this subparagraph, shall not be permitted to retain copies of such Highly Confidential Material;

(f)     Any other person as agreed to by the Parties or upon order of the Court.

9. **Agreement Must Be Signed Prior To Disclosure.**  Counsel for a Producing Party must advise each Receiving Party (other than the Court) that is given access to Protected Material, in accordance with the terms of this Stipulation that: (i) such Material is being disclosed subject to the terms of this Stipulation; and (ii) unless otherwise permitted by this Stipulation, such Protected Material may not, for any reason, be shown or provided to any other person or entity or be used for any purpose other than for purposes of this Action.  Furthermore, before any person specified in Paragraphs 7(c)-(g) and Paragraphs 8(c)-(f) is given access to Confidential Material or Highly Confidential Material, such person must agree in writing (in the form set forth in Exhibit A annexed hereto) to be bound by the provisions of this Stipulation.  Outside Counsel of Record for the Producing Party must retain a copy of that executed writing.

10. **Notice to Non-Parties.**   Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Stipulation with a request that, within ten (10) calendar days, the Non-Party either request the protection of this Stipulation

or notify the issuing Party that the Non-Party does not need the protection of this Stipulation or wishes to seek different protection.

11. **Usage of Confidential or Highly Confidential Material At Depositions**. This Stipulation shall not preclude Counsel from using during any deposition in this Action any Protected Material, designated as such, under the terms hereof. Any court reporter and deposition witness who is given access to Protected Material shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto as Exhibit A. Counsel for the Party obtaining the certificate shall supply a copy to Counsel for the other Party. Notwithstanding the foregoing, Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Stipulation to receive Protected Material, but only during periods of examination or testimony directed to or comprising or discussing information that is Confidential or Highly Confidential.

12. **Designating Confidential Material or Highly Confidential Material.** Confidential Material or Highly Confidential Material may be designated as follows:

(a) **Documents:** With respect to documents or other materials (apart from depositions or other pre-trial testimony), a Producing Party may designate them in accordance with this Stipulation by affixing the legend "Confidential" or "Highly Confidential" on each page preceding the document, or if not practicable, on the first page of the document. Instead of marking originals of documents, the Parties may mark the copies that are produced. If only a portion of the Material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). In the case of documents produced by a Non-Party to this Action, Counsel may designate them as "Confidential" or "Highly Confidential" by notifying all

Outside Counsel of Record in writing of those documents which are to be stamped and treated as "Confidential" and/or "Highly Confidential" at any time up to thirty (30) days after actual receipt of those documents by Counsel for the Designating Party.

(b)     **Deposition and Other Pre-Trial Testimony**: With respect to depositions or other pre-trial testimony, designations of those portions of the transcript (including exhibits) that contains or relates to Confidential Material or Highly Confidential Material may be made by indicating on the record at the deposition or other proceeding that the testimony is subject to the provisions of the Stipulation.  Either Party also may designate information or testimony revealed or disclosed at a deposition or other proceeding "Confidential" or "Highly Confidential" by notifying Outside Counsel of Record for the other Party in writing no later than twenty-one (21) days after receipt of the draft transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential".  All deposition testimony (including notes of the testimony) must be treated as "Highly Confidential" during such twenty-one (21) day period. The Parties may stipulate, at their option, that the entire transcript and exhibits be marked and treated as "Confidential" or "Highly Confidential".

(c)     **Written Discovery Responses.** With respect to written discovery responses, designation of such responses that contain or relate to Confidential Material or Highly Confidential Material may be made by indicating in the response that the information is "Confidential" or "Highly Confidential" and is subject to the provisions of this Stipulation.

(d)     **Non-Written Materials**. Any non-written Confidential Material or Highly Confidential Material (e.g., videotape, audio tape, computer or computer disk or other digital Material, etc.) may be designated as such by

labeling the outside of such non-written Material designated as "Confidential" or "Highly Confidential." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written Materials, the Party who generates such "hard copy" transcription shall be responsible for maintaining the confidentiality of such Materials.

(e) **Oral Arguments or Representations**. Should the need arise for any of the Parties or Counsel to disclose Confidential Material or Highly Confidential Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material or Highly Confidential Material. In the event that any Confidential Material or Highly Confidential Material is used in any court proceeding in connection with this Action, it does not lose its Confidential or Highly Confidential designation through that use, and the Parties must take all steps reasonably required to protect its confidentiality during that use.

13. **Filing of Confidential Material or Highly Confidential Material**. Without written permission from the Producing Party or a court order, a Party may not file in the public record in this Action any Confidential Material or Highly Confidential Material. The Parties shall comply with Local Rule 79-5 when seeking to file Protected Material under seal. The Party desiring to place any Protected Material before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing Confidential or Highly Confidential Material under seal and a copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed with the title of the Action, an indication of the nature of the contents of such sealed envelope, the identity of the Party

filing the Materials, the phrase "Confidential Material" or "Highly Confidential Material," and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT, UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

Additionally, within seven (7) days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the Party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the Confidential Material or Highly Confidential Material (or any references thereto).

14. **Application of Designations To Derivative Materials**. Designation of Material as "Confidential" or "Highly Confidential" applies with equal force to the information contained in such Material, as well as to any copies, excerpts, summaries, extracts, quotations, paraphrases, notes, lists, memoranda, indices, or compilations prepared or based on an examination of Confidential Material or Highly Confidential Material.

15. **Inadvertent Disclosure**. The inadvertent failure to designate Material as Confidential or Highly Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure. Any document or information or other Material that may contain Confidential Material or Highly Confidential Material that has been inadvertently produced without the appropriate designation as provided for in this Stipulation, may be so designated by the

Party asserting the Confidentiality or Highly Confidential privilege by written notice to Outside Counsel of Record for the Receiving Party, that identifies the Material as "Confidential Material" or "Highly Confidential Material" within a reasonable time following the discovery that the Material has been inadvertently produced without such designation. Once identified, the designation of any such Material as "Confidential" or "Highly Confidential" shall apply with equal force and effect as if the Material always carried such a designation and the Receiving Party shall exercise good faith efforts to ensure that copies it makes of Material produced to it, and copies made by others who obtained such Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, and treat the Material in accordance with the terms of this Stipulation for Material so designated. Furthermore, the unintentional disclosure by a Producing Party of Confidential Material or Highly Confidential Material, regardless of whether the Material was designated as "Confidential" or "Highly Confidential" at the time of production, is not a waiver of that Party's claim of confidentiality, either as to the specific information disclosed or as to any other related information.

16. **Protected Materials Ordered Subpoenaed or Ordered Produced in Other Actions**. Should a Party in possession of Protected Material receive a subpoena or judicial or administrative demand from a Non-Party to this Action (hereinafter "Demand"), whether from a governmental authority or otherwise, seeking production or other disclosure of such Protected Material, such Party shall immediately, and not later than ten (10) days from the date of receipt of the subpoena or demand, give written notice to Counsel for the Party or Non-Party who produced the Protected Material, identifying the Materials sought and enclosing a copy of the subpoena or demand. Upon such notification, it shall be the duty of the Party who designated the

Material as "Confidential Material" or "Highly Confidential Material" to seek relief from the appropriate court or other adjudicative body to prevent disclosure of the Material or obtain any other protection desired with respect to such Protected Material.  Unless the Party who originally designated the Material as "Confidential" or "Highly Confidential" obtains an order directing that the Demand not be complied with, and serves such order upon the Party receiving the Demand prior to the time production is due pursuant to the Demand, the Party receiving the Demand shall be permitted to produce Materials responsive to the Demand on the Demand response date.  Compliance by the Party receiving any such Demand with any order directing production pursuant to the Demand of any Confidential Material or Highly Confidential Material shall not constitute a violation of this Stipulation.  Nothing in this Stipulation shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action or proceeding.

17. **Challenging Designation of Materials.**  Neither Party concedes that any Material designated by the other has been properly designated.  In the event that either Party disagrees at any stage of these proceedings with the designation by the other Party of any Material as "Confidential" or "Highly Confidential", a Receiving Party may challenge the propriety of the designation by providing to the Designating Party a writing which briefly: (i) identifies with reasonable particularity the Materials which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge, and the Parties shall attempt in good faith to settle the dispute without Court intervention.  Once a challenge is made and this writing is received by a Designating Party, the Designating Party will bear the burden of initiating and conducting a sufficient meet and confer in accordance with Local Rule 37-1.  If the dispute cannot be resolved by the Parties, the Challenging Party may seek appropriate relief from the Court.  The Material

at issue shall continue to be treated as "Confidential" or "Highly Confidential" until the issue has been finally adjudicated by the Court.

18. **No Prejudice**.  Agreeing to be bound by this Stipulation, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Stipulation shall not: (i) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Material or Highly Confidential Material; (ii) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation; (iii) prejudice in any way the rights of a Party to seek a determination by the Court whether any Confidential Material or Highly Confidential Material should be subject to the terms of this Stipulation; (iv) prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purportedly confidential information; (v) prevent a Producing Party from authorizing disclosure of its own Confidential Material or Highly Confidential Material to any party; or (vi) prevent a Party from stating additional objections to the production of documents or information, or asserting any other grounds that may exist to prevent disclosure of documents or information.

19. **No Admission**.  The designation of Material as "Confidential" or "Highly Confidential", including the decision whether to so designate Material, cannot be used against the Designating Party as an admission of any issue in this Action or in any other action.

20. **No Waiver of Privilege**. If a Producing Party discovers that it inadvertently disclosed Materials that are protected from disclosure under the attorney-

client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure (collectively, the "Inadvertently Disclosed Material") and promptly notifies any Receiving Party of such inadvertent disclosure, the inadvertent disclosure shall not be deemed a waiver of the applicable privilege or protection, and the Receiving Party shall not use any such Inadvertently Disclosed Material for any purpose unless so ordered by the Court.  Upon receipt of such notification of an inadvertent disclosure, the Receiving Party shall promptly return all Inadvertently Disclosed Material to such Producing Party, or destroy all copies of such Inadvertently Disclosed Material, and shall provide a certification to counsel for the Producing Party acknowledging that all Inadvertently Disclosed Materials have been returned and all copies of any such Inadvertently Disclosed Material have been destroyed.  If any Party disputes the privilege claim (an "Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Inadvertently Disclosed Material.  The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days.  In the event that the Parties do not resolve their dispute, the Producing Party may bring a motion for a determination of whether a privilege applies.  If such motion is made, the Producing Party shall submit to the Court for *in camera* review under seal a copy of the disputed Materials in connection with its motion papers.  The submission to the Court shall not constitute a waiver of any privilege or protection.  The Producing Party must preserve the Materials claimed to be privileged or otherwise protected until the claim is resolved.

21. **Conclusion of Litigation**.  Upon final conclusion of this Action, each Party or other individual subject to the terms of this Stipulation shall be under an obligation to either: (i) assemble and return to Counsel for a Designating

Party all originals and unmarked copies of Protected Materials; or (ii) destroy all aforementioned items, at Outside Counsel of Record for the Designating Party's election. In the event that the Designating Party elects for the destruction of all physical objects and documents, a Receiving Party shall certify in writing within sixty (60) days of the final termination of this Action that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, Outside Counsel of Record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

22. **Advice Based On Discovery Material Allowed**.   Nothing in this Stipulation shall bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this Action and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material or Highly Confidential Material; provided, however, that, in rendering such advice and in otherwise communicating with his or her client, Counsel shall not disclose the contents of any Confidential Material or Highly Confidential Material produced by another Party if that disclosure would be contrary to the terms or spirit of this Stipulation.

23. **Redaction Allowed**. Any Producing Party may redact, from the Materials it produced, matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted

shall be so marked.  The Producing Party shall preserve an unredacted version of each such document.

24. **Modifications Permissible With Permission**. Either Party, on reasonable notice to the others, may ask the Court to modify or supplement the terms of this Stipulation for good cause.

25. **Protective Order Remains In Force.** This Stipulation shall survive the termination of and shall continue to be binding after the conclusion of this Action except that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

26. **Violations of Stipulated Protective Order**.  In the event that any person or Party should violate the terms of this Stipulation, the aggrieved Producing Party should apply to the Court to obtain relief against any such person or Party violating or threatening to violate any of the terms of this Stipulation. In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the district judge for such relief, which may be granted at the sole discretion of the district judge.  The Parties and any other person subject to the terms of this Stipulation agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Stipulation. In addition to an injunction, any violation of this Stipulation may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions and/or any other remedy that the Court deems just and proper.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 16, 2018

_____

Hon. Judge Manuel L. Real

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 15, 2018

/s/ Rolando J. Tong

Rolando J. Tong, CSB # 216836
roland@rtlawoffices.com
Law Offices of Roland Tong, PC
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Telephone: 949-298-4081

*Attorneys for Plaintiff*

DATED: May 15, 2018

/s/ Brian K. Brookey

Brian K. Brookey, CSB #149522
brian.brookey@tuckerellis.com
Steven E. Lauridsen, CSB # 246364
steven.lauridsen@tuckerellis.com
Tucker Ellis LLP
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400

*Attorneys for Defendants*

Attestation Under Local Rule 5-4.34(a)(2)(i)

All signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# **EXHIBIT A**

## **UNITED STATES DISTRICT COURT**

## **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mark E. Minarik d/b/a MINARIK GUITARS, a California individual<br><br>          Plaintiff,<br><br>vs.<br><br><br>S7G-USA, LLC d/b/a STRICTLY 7 GUITARS, an Ohio Limited Liability Company, and JAMES LEWIS, an Ohio individual<br>          Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

*Case No.: 2:17- cv-07368-RJC*


**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, state that:

1. My address is

   _____.

2. I have received a copy of the Stipulated Protective Order (the "Stipulation") entered in the above-entitled action on _____ __, 2018.

3. I have carefully read the Stipulation and understand the terms contained therein.

4. I will comply with all of the provisions of the Stipulation.

5. I will hold in confidence and will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Material or Highly Confidential Material that is disclosed to me.

6. I will return all Confidential Material or Highly Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Material.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in the above-captioned action.


City and State Where Sworn and Signed: _____


Dated: _____


By: _____